**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JESSIE S. BENFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-00914-NCC |
| | ) | |
| TRUE VALUE HANDYMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of self-represented plaintiff Jessie S. Benford for leave to proceed in forma pauperis. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendant True Value Handyman.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a *pro se* complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant who has filed an employment discrimination action against defendant True Value Handyman. The complaint is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). (Docket No. 1 at 1). Plaintiff asserts that he has been harassed, retaliated against, and terminated from his employment, and indicates that he has been discriminated against on account of his race and sex. (*Id.* at 4-5).

In the complaint, plaintiff alleges that on March 1, 2021, he was using the men's restroom when a coworker propositioned him with the offer of a sexual favor.  (*Id.* at 5). Plaintiff reported the incident to a manager, but the manager purportedly "shrugged her shoulder and walked away."  Shortly after the incident in the restroom, plaintiff states that a different manager "was telling racist and sexist jokes" to him.

Plaintiff further states that on June 19, 2021, he "was written up for [a] false claim of no-call[,] no-show, and also written up for wearing shorts during 100 degree weather."  (*Id.* at 6). He states that other employees who were similarly attired were not written up for wearing shorts. Plaintiff confronted the manager who had allegedly been telling racist jokes, and asked the manager if the manager was also going to be written up.  The manager responded by telling plaintiff that "You're out of here! You're terminated!"  On June 21, 2021, when plaintiff reported his firing to another manager, that manager advised plaintiff that he supported the termination.

With regard to his exhaustion of administrative procedures, plaintiff alleges that he filed a charge of discrimination with both the Missouri Commission on Human Rights (MCHR) and the Equal Employment Opportunity Commission (EEOC) on July 21, 2021.  (*Id.* at 3).  He has also indicated that he received a right to sue letter.

Attached to the complaint is a Charge of Discrimination directed to the MCHR and the EEOC.  (*Id.* at 1).  The charge alleges discrimination based on race and sex, as well as retaliation. In the charge, plaintiff asserts that he was disciplined and discharged in retaliation for reporting sexual and racial harassment.

Plaintiff seeks a total of $5 million in damages.  (*Id.* at 7).

## Discussion

Plaintiff is a self-represented litigant who has brought a civil action accusing True Value Handyman of discrimination in violation of Title VII. The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018).

In this case, plaintiff has presented facts showing that he was sexually harassed and subjected to racially insensitive jokes. He further alleges that he reported these incidents to management. Instead of the issues being addressed, plaintiff states that he was disciplined and ultimately fired in retaliation for his complaints. The Court must accept these allegations as true, and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). As such, these allegations are sufficient for purposes of initial review under 28 U.S.C. § 1915.

Before filing an action under Title VII in federal court, a plaintiff must first exhaust his or her administrative remedies. *Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018). *See also Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011) (stating that "Title VII establishes an administrative procedure which a complaining employee must follow before filing a lawsuit in federal court"); and *Briley v. Carlin*, 172 F.3d 567, 571 (8th Cir. 1999) (explaining that a Title VII claimant is required to demonstrate good faith participation in the administrative process). "To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature

of the charge and (2) receive notice of the right to sue." *Rush v. State of Arkansas DWS*, 876 F.3d 1123, 1125 (8th Cir. 2017).

With regard to exhaustion, plaintiff has attached a copy of a Charge of Discrimination directed to the MCHR and the EEOC, which contains the same general factual allegations as found in the complaint. Furthermore, plaintiff has alleged that he received a right to sue letter. Accepting these facts as true, the Court has determined that plaintiff has sufficiently demonstrated exhaustion for the purposes of initial review under 28 U.S.C. § 1915.

For these reasons, the Court will direct the Clerk of Court to issue process on defendant True Value Handyman.

**Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). In civil cases, a *pro se* litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the *pro se* litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear

to be complex.  The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on defendant True Value Handyman as to plaintiff's claim of employment discrimination under Title VII of the Civil Rights Act of 1964.

Dated this 29th day of July 2021.

                                                /s/ Noelle C. Collins
                                               NOELLE C. COLLINS
                                               UNITED STATES MAGISTRATE JUDGE